**Edward J. NESMITH, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 9, 1994.

Decided Jan. 24, 1995.

Charles O'Connell, for petitioner.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

E. Jane Hix, Deputy City Sol., for intervenor.

Before COLINS, President Judge,
KELLEY, J., and NARICK, Senior Judge.

COLINS, President Judge.

The claimant, Edward Nesmith, petitions for review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits to the claimant under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e), because the claimant engaged in willful misconduct. The Board determined that the claimant was a City of Philadelphia (City) employee and therefore subject to Section 10–107(5) of the Philadelphia Home Rule Charter [1] which prohibits employees of the City, except elected officers running for re-election, to be candidates for nomination or election to any public office.

The facts in this case are as follows. The claimant worked as a constituent services representative for a member of City Council (Council) from June 1992 until March 15, 1994. On March 1, 1994, the claimant filed the requisite papers to run for office as a state representative. He did not resign from his position. Thereafter, the claimant was terminated from his position because he violated Section 10–107(5) of the Philadelphia

---

1. 351 Pa.Code § 10.10–107(5).

Home Rule Charter, which provides, in pertinent part:

(5) No officer or employee of the City, except elected officers running for re-election, shall be a candidate for nomination or election to any public office unless he shall have first resigned from his then office or employment.

After a hearing, the referee denied the claimant's request for benefits. On appeal, the Board affirmed his decision, finding that the claimant engaged in willful misconduct. This appeal followed.

The only issue on appeal is whether the claimant, who worked under the direction of a member of Council, was a City employee and therefore subject to Section 10–107(5) of the Philadelphia Home Rule Charter.

The claimant contends that, because under Section 2–104 of the Philadelphia Home Rule Charter, 351 Pa.Code § 2.2–104, Council has the power to organize itself and to "employ and fix the salaries of such persons as may be necessary for the proper discharge of its business," people working under the direction of Council are not City employees. However, the fact that Council establishes the number of its employees and fixes their salaries indicates that the claimant, who works for City Council, is a City employee and therefore subject to the provisions of the Philadelphia Home Rule Charter. *Commonwealth ex rel. Specter v. Moak*, 452 Pa. 482, 307 A.2d 884 (1973).

In addition, Section 7–301 of the Philadelphia Home Rule Charter, 351 Pa.Code § 7.7–301, recognizes Council personnel as City employees by exempting them from civil service. That section provides, in pertinent part:

All officers and employees of the City, including all officers and employees of all departments, all independent boards and commissions and all departmental boards and commissions, shall be under civil service except:

(a) All officers elected by the people and their deputies, and employees appointed by the members of the Council[.]

If, as the claimant suggests, he is not a City employee, the Philadelphia Home Rule Charter would not have included employees appointed by Council among those "employees of the City" who are exempted from civil service.

Accordingly, because the claimant was a City employee at the time he ran for office, the decision of the Board is affirmed.

### ORDER

AND NOW, this 24th day of January, 1995, the order of the Unemployment Compensation Board of Review, in the above-captioned matter, is affirmed.